UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10083-KMM

ROCKWELL PROPERTY INC. D/B/A
EQUATOR RESORT

      Plaintiff,
v.

CENTURY SURETY COMPANY,

      Defendant.
_____/

### ORDER

**THIS CAUSE** is before the Court upon Century Surety Company's Motion for Leave to File Bifurcated Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs Against the Plaintiff. (ECF No. 62).[1] Plaintiff did not file a Response and the time to do so has passed. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is **GRANTED**, *nunc pro tunc*.

This matter arises from a property damage claim presented by Plaintiff as holder of a commercial surplus lines policy issued by Defendant. Plaintiff owns and operates a hotel resort in Key West, Florida made up of five buildings. Following a fire in one building, Defendant acknowledged coverage for the fire damage and issued three payments. Later, Plaintiff presented Defendant with demands for loss of business income. Defendant issued a partial denial of coverage for business income losses claimed in excess of the applicable limit of coverage. Plaintiff subsequently filed this action asserting a single claim for breach of contract.

---

[1] This matter was referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District Florida to take all necessary and proper action as required by law with respect to the Motion for Leave to File Bifurcated Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs. (ECF No. 64).

1

Defendant moved for summary judgment on the single claim, arguing that it fully complied with its obligations under the Policy and Plaintiff's claim for additional payment is without legal basis. The District Court granted summary judgment (ECF No. 59) and entered a judgment in favor of Defendant (ECF No. 60). Plaintiff moved for reconsideration of the Order granting summary judgment, which remains pending before the District Court. (ECF No. 61).

Defendant moves now to bifurcate the issues of entitlement to attorneys' fees from the amount of a potential award of attorneys' fees. In support, Defendant notes that Plaintiff's Motion for Reconsideration is pending and may affect the amount sought in its petition. Thus, Defendant argues that bifurcation is necessary to avoid the waste associated with filing an amended motion for attorneys' fees which would include the cost of litigating pending matters. (ECF No. 62 at 3). Plaintiff did not respond in opposition to the Motion.

Federal Rule of Civil Procedure 54 states that the Court "may decide issues of liability for fees before receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(C). The Local Rules of this District incorporate Federal Rule of Civil Procedure 54(d)(2)(C) to provide that "either party may move the Court to determine entitlement prior to submission on the issue of amount." S.D. Fla. L.R. 7.3(a). Federal Rule of Civil Procedure 42(b) states that the Court may order "a separate trial of one or more separate issues" in the interest of "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Courts in this district have applied the guidelines set out in Rule 42(b) "when deciding whether to bifurcate motions for attorney's fees and costs into entitlement and amount." *Gables Ins. Recovery v. United Healthcare Ins. Co.*, No. 13-CV-21142, 2013 WL 4068786, at *2 (S.D. Fla. Aug. 12, 2013) (citing *Rolls–Royce Comm. Marine, Inc., v. N.H. Ins. Co.*, No. 09-CV-61329, at ECF Nos. 119, 134 (S.D. Fla. Mar. 23, 2011)); *accord Marquez v. Nat'l Fire & Marine Ins. Co.*, No. 20-CV-22791, 2023 WL 4017241, at *2

(S.D. Fla. June 15, 2023); *Fitzgerald v. McNae*, No. 1:22-22171-CIV, 2024 WL 3982335, at *2 (S.D. Fla. Aug. 21, 2024), *report and recommendation adopted*, No. 22-22171-CIV, 2024 WL 4133068 (S.D. Fla. Sept. 10, 2024). Under the Rule 42(b) guidelines, "only one of the previously mentioned reasons needs to be shown" to justify bifurcation. *Gables Ins. Recovery*, 2013 WL 4068786, at *2 (citing *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996))

Here, Defendant argues that bifurcation is justified to avoid wasting time and resources in filing an amended motion for attorneys' fees accounting for the pending issues in this matter. The Court acknowledges that the outstanding issues may result in Defendant having to amend its present calculation of fees. The Court also notes that Plaintiff has filed no opposition to the request for bifurcation. Given that bifurcation would economize judicial and party resources, the Court agrees that bifurcation is proper here. *See* Fed. R. Civ. P. 42(b). Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for Leave to File Bifurcated Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs (ECF No. 62) is **GRANTED**, *nunc pro tunc*.

Plaintiff **SHALL** respond to Defendant's Motion for Entitlement to Attorneys' Fees and Non-Taxable Costs (ECF No. 63) within **fourteen (14)** days of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of November, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE